RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0037p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FORTNEY & WEYGANDT, INC.,

　　　　　　　　_Plaintiff-Appellant,_

　　　　v.

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY; AMERICAN
MOTORISTS INSURANCE COMPANY;
LUMBERMENS MUTUAL CASUALTY
INSURANCE COMPANY,

　　　　　　　　_Defendants-Appellees._

No. 05-4031

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-00048—William H. Baughman, Magistrate Judge.

Argued: January 22, 2010

Decided and Filed: February 12, 2010

Before: GUY, CLAY, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Michael L. Fortney, FORTNEY & KLINGSHIRN, Akron, Ohio, for Appellant. Kathleen A. Sweitzer, TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP, Chicago, Illinois, for Appellees. **ON BRIEF:** Michael L. Fortney, Joseph R. Spoonster III, FORTNEY & KLINGSHIRN, Akron, Ohio, for Appellant. Kathleen A. Sweitzer, Mark T. Banovetz, TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP, Chicago, Illinois, Brian D. Sullivan, REMINGER CO., LPA, Cleveland, Ohio, for Appellees.

_____

## OPINION

_____

　　KETHLEDGE, Circuit Judge. General contractor Fortney & Weygandt, Inc. ("Fortney") appeals the district court's decision that its insurers—defendants American

Manufacturers Mutual Insurance Company, American Motorists Insurance Company, and Lumbermens Mutual Casualty Insurance Company (collectively, "AMICO")—had no duty to defend Fortney in third-party litigation arising out of a construction dispute. The district court held that a defective-workmanship exclusion in AMICO's Commercial General Liability policies precluded coverage. We respectfully disagree, and reverse.

I.

Fortney contracted with Frisch's Restaurants, Inc. ("Frisch's") to build a Golden Corral restaurant in North Canton, Ohio. After the restaurant was nearly completed, but before it had opened for business, some soil shifted around the foundation, breaking the building's underground utility lines. After an investigation, Frisch's determined that the foundation was defective. The remedy for that defect was to demolish and rebuild the restaurant. Frisch's did so.

Litigation thereafter ensued. In a commercial arbitration, Frisch's claimed that Fortney's defective foundation had caused Frisch's to suffer damages (the "Frisch's claim"). In a separate lawsuit in state court, the building's architect made essentially the same claim (the "Lehmann claim"). Fortney tendered its defense of those claims to AMICO, its insurer. AMICO refused to defend or indemnify Fortney, citing among other things a policy exclusion for defective workmanship.

Fortney then filed a state-court action against AMICO, seeking a declaration of coverage. AMICO removed the case to federal court on diversity grounds. Fortney thereafter filed a motion for summary judgment, and AMICO filed one for judgment on the pleadings. The district court denied Fortney's motion but granted AMICO's, holding that the defective-workmanship exclusion applied to the Lehmann and Frisch's claims. The court also held that a "completed operations" exception to that exclusion did not apply to the claims, thus leaving Fortney without coverage.

This appeal followed.

II.

We review de novo the district court's decisions as to Fortney's motion for summary judgment and AMICO's motion for judgment on the pleadings. *See Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 572 (6th Cir. 2000); *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

The parties agree that their coverage dispute is governed by Ohio law. In Ohio, as elsewhere, the interpretation of an insurance contract is a question of law. *Leber v. Smith*, 639 N.E.2d 1159, 1163 (Ohio 1994). "[I]n order to defeat coverage, the insurer must establish not merely that the policy is capable of the construction it favors, but rather that such an interpretation is the only one that can fairly be placed on the language in question." *Andersen v. Highland House Co.*, 757 N.E.2d 329, 333 (Ohio 2001) (internal quotation marks omitted).

The policies here insured Fortney against losses for "property damage" arising out of an "occurrence." The district court held that the Frisch's and Lehmann claims alleged such losses. No one disputes that holding here. The district court also held, however, that coverage was excluded by ¶2(j)(6) of the policies. And therein lies the dispute in this appeal.

Paragraph 2(j)(6) provides:

> 2.    Exclusions
>
> This insurance does not apply to:
>
> . . .
> j.    Damage to Property
>
> "Property damage" to:
>
> . . .
> (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

The parties agree that (j)(6) would exclude coverage for claims seeking recovery for the cost of replacing only the defective foundation itself. The claims at issue here, of course, sought recovery for the cost of replacing not only the foundation, but the whole building.

And apart from the foundation, none of Fortney's work on the building was defective. The question presented, then, is whether (j)(6) excludes coverage for the cost of replacing building parts on which the insured performed non-defective work, but that were replaced anyway because of the insured's defective work on another part of the building.

Although the (j)(6) exclusion is apparently used in insurance contracts throughout the country, the Ohio courts have not yet addressed the question presented here. But the Fifth Circuit has. In *Mid-Continent Casualty Co. v. JHP Development, Inc.*, 557 F.3d 207 (5th Cir. 2009), JHP had partially constructed a four-story condominium building. JHP failed to waterproof the building exterior, which allowed water to damage the interior finishes and wiring. Those components were consequently replaced at substantial cost, even though JHP's work on them was not defective. JHP sought coverage for that cost, which its insurer, Mid-Continent, refused based upon an identical (j)(6) exclusion.

The Fifth Circuit held that the exclusion did not apply to the cost of replacing the interior finishes and wiring. The court concluded that "[t]he plain meaning of the exclusion—property damage to '[t]hat particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it'—is that property damage only to parts of the property that were themselves the subjects of the defective work is excluded." *Id.* at 215. The court reasoned that "[t]he narrowing 'that particular part' language is used to distinguish the damaged property that was itself the subject of the defective work from other damaged property that was either the subject of nondefective work by the insured or that was not worked on by the insured at all." *Id.*

We agree with the Fifth Circuit's reasoning and conclusion. The opening words of the exclusion—namely, "[t]hat particular part"—are trebly restrictive, straining to the point of awkwardness to make clear that the exclusion applies only to building parts on which defective work was performed, and not to the building generally. And we also agree that "part," as used in this exclusion, means the "distinct component parts" of a building—things like the "interior drywall, stud framing, electrical wiring," or, as here, the foundation. *Id.* at 217. The (j)(6) exclusion therefore applies only to the cost of repairing or replacing distinct component parts on which the insured performed defective work.

AMICO makes two arguments in opposition to this conclusion. First, AMICO argues that the final word of the exclusion—"it"—refers only to the words "any property[.]" Functionally, then, AMICO reads the exclusion to apply to "property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." The district court seemed to read the exclusion the same way. The problem with that reading, of course, is that it reads "that particular part" out of the exclusion. We therefore reject that reading. Second, AMICO points to a handful of state-court decisions—all of which are discussed in *Mid-Continent*—as supporting its reading of the exclusion. We do not find those authorities any more apposite or persuasive than the Fifth Circuit did.

In summary, we think the Fifth Circuit's interpretation of (j)(6) is not only a reasonable reading of the provision, but the best one. Per that interpretation, AMICO had a duty to defend Fortney against the Frisch's and Lehmann claims. Given that holding, we need not reach Fortney's argument that the "completed operations" exception to (j)(6) requires coverage as well. Finally, whether AMICO ultimately had a duty to indemnify Fortney is not before us in this appeal.

The judgment of the district court is reversed, and the case remanded with instructions to enter judgment in favor of Fortney on its duty-to-defend claim.